UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SARAH KATE FALLEN ELABD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:12-CV-447 |
| v. | ) | (VARLAN/GUYTON) |
| | ) | |
| LYNN THOMPSON TAYLOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge [Doc. 55].

Now before the Court is a Motion to Stay [Doc. 47], filed by Defendants Bradley and Lynn Poarch. In this case, Plaintiff seeks damages in connection with an automobile accident that occurred on State Highway 338 in Sevier County, Tennessee. The Poarch Defendants submit that Mr. Poarch has been charged with two counts of criminally negligent homicide and one count of reckless endangerment with a deadly weapon in connection with the same accident. The Poarch Defendants represent that Mr. Poarch has a hearing date set for October 8, 2013, at which time he will enter a plea and receive a trial date.

The Poarch Defendants argue that submitting to a deposition in this case could effectively waive Mr. Poarch's privilege against self-incrimination under the Fifth Amendment to the United States Constitution in his criminal case. The Poarch Defendants move the Court to stay this case until the criminal charges are concluded to protect Mr. Poarch's Fifth Amendment rights.

Defendant Lynn Thompson Taylor has responded in opposition to the Motion to Stay [Doc. 49], as has Defendant Breeman Thompson [Doc. 51]. These Defendants argue that Mr. Poarch already set forth his version of the facts at issue in this case, under oath, through his responses to interrogatories served in this case, [see Doc. 49-1]. These Defendants maintain that Mr. Poarch has waived his right against self-incrimination, and he cannot be further prejudiced by discussing the same facts during a deposition or at trial.

It appears to the undersigned that Mr. Poarch has likely waived his right against self-incrimination under the Fifth Amendment, with regard to answering questions about the factual allegations in this suit. For example in his answer to Interrogatory No. 7, Mr. Poarch gave a thorough description of the events directly before and during the vehicle collision. [Doc. 49-1 at 4]. Mr. Poarch acknowledged in Interrogatory No. 9 that he had been charged with both negligent homicide and reckless endangerment. Thus, he knew of the criminal charges against him at the time he responded to the interrogatories. Under such circumstances, the Court finds that the privilege has likely been waived. See Williams v. United States, 46 F.3d 1132, 1995 WL 21431, at *5, n. 3 (6th Cir. Jan. 19, 1995) ("The Fifth Amendment issue was resolved by appellant's decision to respond to interrogatories and thus to waive any privilege."); United States v. Crutcher, 689 F. Supp. 2d 994, 997 (M.D. Tenn. 2010).

However, the Court need not decide whether the privilege was actually waived at this time, because the only issue before the Court is whether the instant case should be stayed. The Court, therefore, declines to rule on the privilege issue at this time. The Court, instead, finds that the Poarch Defendants have not demonstrated good cause for delaying the proceedings in this case based upon the pending criminal charges.

Accordingly, the Court finds that the Motion to Stay **[Doc. 47]** is not well-taken, and it is, therefore, **DENIED**. The parties shall continue to comply with the dates, deadlines, and processes laid out in the Scheduling Order [Doc. 33] and the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

ENTER:

_s/ H. Bruce Guyton_
United States Magistrate Judge

3

Case 3:12-cv-00447-PLR-HBG   Document 56   Filed 08/28/13   Page 3 of 3   PageID #: 337