UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SARAH KATE FALLEN ELABD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-CV-447-PLR-HBG |
| ) | |
| LYNN THOMPSON TAYLOR, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are two Daubert motions: (1) Cross-Plaintiff, Lynn Thompson Taylor's Motion to Exclude Defendants Bradley Poarch and Lynn Poarch's Proposed Expert Testimony of Don R. Moore, P.E. [Doc. 76]; and (2) Defendants' Motion to Exclude Plaintiffs and Co-Defendant's Expert Witnesses [Doc. 77]. Defendants have objected to Ms. Taylor's motion and argued that because the motion was filed on March 13, 2014, it was not timely under the Scheduling Order. [See Doc. 86]. The Defendants do not speak to the timeliness of their own motion, which was filed March 14, 2014.

This case is set to proceed to trial on June 10, 2014. In the Scheduling Order entered on May 21, 2013, the Court stated, "In the event that either party wishes to challenge the relevance or reliability of expert testimony, a motion for a *Daubert* hearing must be filed not later than ninety (90) days before trial or it will be deemed waived." [Doc. 33 at 2]. On August 28, 2013, the Court entered an Order, which directed the parties to "continue to comply with the dates,

deadlines, and processes laid out in the Scheduling Order [Doc. 33] and the Federal Rules of Civil Procedure."

The deadlines set forth in the Scheduling Order may be modified through a showing of good cause. See Fed. R. Civ. P. 16. Neither of the parties has attempted to present good cause for their failure to comply with the Scheduling Order. The Court is aware that a Motion to Amend the Scheduling Order [Doc. 79] is pending. This motion, however, does not ask the Court to continue the trial in this matter, nor does it move the Court to extend the expired deadline for filing Daubert motions.

The instant motions were filed on March 13 and 14, 2014. Thus, the Court finds that they were filed less than ninety days before the trial date of June 10, 2014. Therefore, they will be deemed waived.

Accordingly, the Motions to Exclude **[Docs. 76, 77]** are **DEEMED WAIVED**, and they are **DENIED**, on that basis. The related requests for hearing **[Docs. 85, 86]** are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

ENTER:

 /s H. Bruce Guyton
United States Magistrate Judge